JACK _against_ EALES.

IN ERROR.

</div>

_Pittsburg,
Tuesday,
Sept. 11._

THIS was a writ of error to the Common Pleas of _Westmoreland_, to bring up the record and proceedings in an action of _homine replegiando._

TILGHMAN C. J. delivered the court's opinion.

The plaintiff in error claimed the defendant as his servant until the age of twenty-eight years, under the act of assembly of 29th _March_ 1788.

In support of his claim, he produced an authenticated copy of an entry on the records of _Washington_ county, as follows: " _Joseph Bently_ of _Washington_ county in _Nottingham_ town- " ship, millwright, enters a female negro child (agreeably to " law) named _Eales_, and aged three years and seven months. " Oath made before _Wm. Parker_ esq. to the age &c. of the " said child, the 1st day of _April_ 1789."

The act requires the entry to be made on or before the

When the record of the entry of a negro or mulatto child in the office of the clerk of the peace, under the act of 29th _March_ 1788, does not bear any date, the jury must say whether it was made on or before the 1st _April_ 1789. That act, notwithstanding it authorizes and requires the clerk of the peace to administer to the claimant an oath in verification of the return he makes of the age and description of the child, &c. does not prevent a justice of the peace from doing it by virtue of his general powers.

1810.

JACK
v.
EALES.

1st of *April* 1789, or within six months next after the birth of the child, and to be verified by the oath of the party, which the clerk of the court is authorized and required to administer.

Two questions arose on the entry in this case—1st, Whether the entry was made on or before 1st *April* 1789. The record was defective in bearing no date, but the party is not to be injured by this omission of the clerk, provided the entry was really made in due time. That was a fact for the decision of the jury. The second question was, whether the oath was legally administered. The court of Common Pleas were of opinion that it was not, because it ought to have been administered by the clerk, and not by a justice of the peace. In this we think they were wrong. The clerk was authorized and required to administer the oath, but this was not in exclusion of the general power of justices of the peace to administer oaths. Inasmuch therefore as it appears that the oath was taken before *William Parker* who was a justice of the peace, it is the opinion of this court that the entry was sufficient. The judgment of the court of Common Pleas must therefore be reversed.

<div align="right">Judgment reversed.</div>