# Hicks v. Peoples L. S. Assn.

Under the Act of May 22, 1895, P. L. 100, the affidavit in a case of certiorari to a Justice of the Peace cannot be made before any Prothonotary other than the Prothonotary of the Court out of which the writ issues, the authority to take such affidavit not being included in the "general power to administer oaths and affirmations."

## CERTIORARI—AFFIDAVIT—RULE OF COURT RELATING TO EXCEPTIONS.

No. 42, Jan. Term, 1902, C. P. of Berks county.

D. N. Schaeffer, Esq., for exceptions.

B. F. Dettera, Esq., for defendant in error.

Opinion of the Court.

ENDLICH, J.

Judgment was entered in this case by an alderman of the City of Reading on Nov. 30, 1895. A transcript was filed in this Court to No. 112, December Term, 1895. A rule to strike off same was obtained nearly seven years thereafter and discharged on March 10, 1902; see Hicks v. Building Association, 26 C. C. Rep., 235. In the meanwhile on Dec. 24, 1901, this certiorari was issued upon praecipe supported by an affidavit made before and attested by the Prothonotary of McKean county. The writ being returnable Jan. 13, 1902, the return thereto was made Dec. 28, 1901, and the defendant's exceptions were filed Jan. 17, 1902.

When the case was called for argument on June 2, 1902, plaintiff's attorney insisting that, under Rule 20, Sec. 5 of the rules of this Court requiring exceptions to be filed within three days of the return day of the certiorari, the judgment of the alderman was entitled to be affirmed of course, also moved that the writ be quashed on the ground that the affidavit upon which its issuance was based was not made before the proper officer. The Act 20 March, 1810, 5 Smith, 172, clearly requires the affidavit to be made before the Judge allowing the writ; and the only change effected by Act 3 Feb., 1817, 6 Smith, 398, Sec. 1, is to permit the affidavit to be made before the Prothonotary of the Court out of which the writ issues.

The Act 22 May, 1895, P. L. 100, Sec. 1, authorizes the making of the affidavit before the magistrate before whom the case is pending. None of these methods has been pursued in this case, the affidavit filed in which is not helped by the Act 22 March, 1859, P. L. 194, Sec. 1, giving the Prothonotaries "general power to administer oaths and affirmations." Justices of the Peace in this State have long had that power; Jack v. Eales, 3 Binn. 101, 112; and yet it was held in Miller v. McGrath, 1 Leg. Rec. R. 94, a case arising before the passage of Act of 1895, that a certiorari upon affidavit made before a Justice of the Peace was irregular and must be dismissed, nor since the Act of 1895 can the affidavit be lawfully made before any Justice than him before whom the cause is pending; Dorsey v. Wasser, 25 Pa. C. C. Rep. 511. If there were any doubt that it cannot be made before any prothonotary other than the Prothonotary of the Court out of which the writ issues, that doubt would be removed by the reasoning in the decision in Wesley v. Sharpe, 19 Pa. Super. Ct. 600; says the learned Judge delivering the opinion of the Court in that case, at page 603—"The trend of the legislation referred to indicates that the Court from which the certiorari issues or its officer, and the Court to which it goes, are alone to possess the authority to take the affidavit and the recognizance required. Nowhere in the legislation is there evidence of intention to extend the right to take the recognizance and affidavit to any other judicial officer."

It follows that the writ in this case must be quashed upon the ground stated as also perhaps on the further ground that it comes too late; see Strause v. Sheurman, 13 Pa. C. C. Rep. 322; Platt's Executors v. Mather, 22 Id. 193; Fry v. Morgan, 23 Id. 662, nor ought it to be overlooked that, in any event, under the rules of Court invoked by plaintiff the exceptions are not entitled to be considered.

The exceptions are dismissed and the writ is quashed.

Reported by Charles R. Wanner, Esq.,

Reading, Pa.